Judge's Court I'm David Hodges. It is my pleasure and privilege to represent the family of James Deweese. This is a case and I want to start with the fourth point that I made in my brief which is whether or not the district court erred in granting summary judgment on the wrongful death claim and I want to address the subject of loss of chance in Arkansas and we think it should have been applied by the court in this case and was not not even mentioned in the opinion or the two orders of the court. In the case of Jeans and I hope I'm pronouncing that correctly versus Milner in 1970 case eighth circuit case predicted that Arkansas would adopt the loss of chance doctrine. We think that's appropriate but Jeans was way before Holt right years and years and years. Holt was 2001. The Jeans case was 1970 but in the meantime Holt clearly indicated the court had not rejected as the government intended in his brief the loss of chance doctrine but simply said this is not the doctrine which is properly briefed and presented to the court. Now what is the Holt court quotes from the Ford case quote absent of showing a proper proximate cause we do not decide the question of the applicability of the lost chance doctrine. What's the difference between lost chance doctrine and a showing a probable cause? I don't understand that quote. Too much you're quoting from the opinion. Well you have to you have to show you're aren't you arguing loss of chance is you're showing approximate cause or are you arguing is this something different? Am I not understanding the doctrine? I think that's an bar that we have to show and so the bar is less when you have a lost chance because you go below 50 percent. Well but proximate cause of what? Survival for a day, less pain, living a happy and full life what? Those are all elements that are involved here. We have somebody that could have but the wrongful death isn't I mean that's your first issue as well we were claiming pre-death pain yes and happiness that's not the wrongful death claim right that's survival that's a survival claim that's what happened before you're not talking about that sir you mix them up but I thought you were talking here about the wrongful death I am talking now about the wrongful death but also the chance has nothing to do with a survival claim although you try to drag it in and I don't understand that either but okay so what is the proximate cause shown in your view on the wrongful death claim? Well we had the three we had Dr. James Stark who said that if it's operated there was a substantial probability that there would be a better outcome we have Dr. Frederick Bentley who said that the palliative treatment would have extended life then we had their own expert Dr. Lawrence Lesson who said that a pain of eight levels can be reduced with proper diagnosis and that's survival stuff that's all those are survival but they're also I think elements of wrongful death claim what do the survivors get to recover in terms of pain well they that's they don't know wrongful death beneficiaries don't recover for the pain that's the survival claim but they would be heirs to whatever claim that would be but wrongful death enumerates the beneficiaries so I just so I understand you have two claims here essentially one is survival claim that primarily relates to pre-death pain and suffering is that right yes sir and then you have a wrongful death which to get over that hurdle you have to show loss of chance right that's that is we have to show on the wrongful death the the expert testimony that would have made a difference in the outcome but not only the life but also the other things that we're talking about you have to show that he would have lived that the loss of the the chance he lost was to live longer than he did that's correct which was what 21 months well he he died in the 22nd 2013 and the mistake was made 2011 so say 25 I thought it was yeah I thought all right I thought it was 21 a brief say 21 months so what is your evidence that there was a to a medical certainty a greater than 50 percent chance that he would live longer than 21 months had this mistake not been made well we have we have the um you you always you're talking about 50 percent and I did because because because the supreme court of Arkansas did yeah they said if we ever touch this doctrine we'd require we'd adopt the Tennessee rule of 50 right well that's what they said I understand but they would I don't know that they said they made that finding on us that's like the U.S. Supreme Court in this case for us I understand but the evidence that I have would go to the ones that I've recited Dr. Stark, Dr. Bentley, Stark said 30 percent right yes right that's correct you didn't have anything better than that did you on if 50 percent is the standard 50 percent standard Dr. Stark didn't meet that standard but we also have the testimony of Dr. Frederick Bentley who and this is you're talking about wrongful death now but Dr. Bentley opined concerning the palliative treatments that were not given that could have extended his life and so I think the totality of it and then you go back to the doctor he just said could have he didn't put any percentages on it did he well I think he everything he's in his testimony was within a reasonable degree of medical certainty so I think that that qualified for testimony under Arkansas rules but could have extended his life more than 21 months well he said it it could have he said anything could have well he said that in his opinion it would have having a palliative treatment would have extended his life beyond that can I ask you about your survivorship claim the one thing that I find a little bit difficult to understand in this case is I just would think intuitively if if a person has cancer and it goes for 21 months undiagnosed that there would be some pre-death pain and suffering but you didn't put any evidence on to that effect the only evidence really that comes in on pre-death pain and suffering would have been for came in through the defense expert well I mean what what do you have in your case about pre-death pain and suffering that could have been alleviated through palliative care or hospice care or something well we had that we had the deposition testimony of the family members we also had the deposition testimony of the nurse that came that described and the records that described the pain that he thought it was something where she didn't know he had cancer so she didn't know it was cancer related I understand but you asked me what evidence we have of pain and I'm I guess I'm asking what I'm really asking is how come you you didn't have any ask any of your doctors about it well that's maybe an oversight that we had in a testimony but I don't I don't think it's necessary to ask those doctors because the the there's no requirement to have expert testimony on pain and comprehend pain and suffering from cancer it's not required to Arkansas procedure rules for the for us to have expert testimony on that that's one element that I have pointed out in my brief that's a survival claim and so I don't think it's necessary but we did have sufficient testimony we think and suggest and all the testimony of family and other things the thing that we didn't have from expert can you distinguish the pain he would have had from underlying problems as opposed to what he would have had as cancer and I don't think we had a drew that distinction in the testimony but it's clearly enough to survive summary judgment well I get but if if if if a person is suffering from pain because they have hepatitis c which he had a host of other conditions and he's also suffering from pain because he has cancer that's undiagnosed but they treat the hepatitis c pain and that as a as a result it also covers the takes care of the pain from the cancer there's really no no harm so I guess that's what I'm trying to find out is what would what from is there any medical expert who would have said we would have done something different in terms of pain relief had we known he had cancer I don't think that subject was addressed by any of the experts in the case but I think there's enough evidence to suggest that at least overcome summary judgment that's what I keep coming back to in this case it's a summary judgment case I don't need to recite all the rules your honors know that but it's a summary judgment and that's what the you search the record this is de novo and we think sufficient evidence and record to overcome to create a fact question on the essential elements in this case and then going back to the wrongful death claim as judge locan said as I understand what the Arkansas Supreme Court has said is is that even if they adopt their last chance of survival doctrine they would adopt what's known as the traditional rule which requires that that there be at least a 50 percent likelihood that you would live longer well and as I understand there's just no evidence in the record to support a 50 chance well I with all due respect I don't interpret the court in the whole case as saying this is what we're doing that and so they didn't adopt the 50 rule that's why I think it's still an open question they said we'll a proper briefcase presented to us and then I go back to the case that the eighth circuit said Arkansas would adopt the loss of chance and the eighth circuit case that I cited didn't say it was going to adopt the 50 rule even if they had the loss of chance in that case that the 1970 case that I cited there was 11 chance that was allowed to go forward in that case that's the only time the 8th circuit that's you know we Blackman was after that Ford was after that Holt was after that if if our if our 1970 case said anything inconsistent in a predictive way with those later cases it's gone well your honor but it's not it's not a precedent Holt didn't overturn or say anything about the 8th circuit case that was 1970 of that all they did we declined to deal with the issue here it's not precedent unless they affirmatively discussed it and said this is our position I understand your position I don't understand the survival claim other than what judge Malloy has asked you about which is the the whether there was pain and suffering pre-death what what what is there about what survival claim well is it any different than the wrongful well of course the wrongful death claim is is derivative to the survival we respectfully disagree we cite the case where I know you disagree but I don't understand why it's anything but your disagreement is anything but semantic frankly well it's I cited the case where they reversed the survival claim because it wasn't properly submitted to the agency but let the wrongful death case that's it that's an exhaustion issue decision what what is there the survival claim has to prove that that that he he would live right leaving leaving aside the pain and suffering pre-death I don't think with all due respect I don't think we have to prove that he would have lived in order to have the claim for survival survival claim is what did he experience before his death not after his death or extended death what what did he have because of the negligence which was admitted by the government in this case that caused him problems before he died if he had lived and lost the survival claim that would have killed the wrongful death claim right if he had lived it would have killed the I mean we had that we had that case where where the I can't remember what it was now but but the the in the survival claim the the decedent was still alive when the survival claim was settled and that was held to extinguish the wrongful death claim right I'm not familiar with the case that you're referring to I'm sorry I got my cases this morning mixed up was that the discussion of Blackmon I might I might be mixed up judge I'll take the blame well no I um but that's uh I don't I don't understand frankly how these two claims intermesh but but if you if if the survival claim fails on the he would have survived but for the mistake claim then that takes care of the same claim under the wrong by the survivors under wrongful death doesn't it I do I do not agree your honor I cited all of the cases and arguments we made in my brief and my time is up okay well well then just give me the case that that held that even though uh he that he would have survived claim failed in the survival that by the administrator the administrator still gets to recover on the same claim or take to the jury the same claim on behalf of the survivors well I can't do it from memory but if the court with permission of the court I'll submit it in a separate well we'll we'll research it out okay thank you thanks Ms. Lawrence good morning may it please the court Judge Murphy, Judge Loken, Judge Malloy my name is Lindsay Lawrence and I'm honored to stand before you representing the United States of America before I get started I'd just like to ask the court I don't I prepared my presentation now having the benefit of the court's inquiry to counsel uh is there anything that I can answer for the court in my initial minutes well you can clarify state your position on this derivative notion if if the if the if the survival claim that he would have lived but for this negligence fails on the merits whether it's by summary judgment jury verdict or even settlement yes sir does do the survivors get get a redo in a wrongful claim no sir where do we where do we that's logical to me but where do I confirm it in Arkansas law yes sir the wrongful death action is cited in Arkansas code annotated 16-62-102 subsection a and the court was correct that that statute honestly your honor I've been doing this a long time and I have to say it out loud every time but that's the wrongful death action however it's brought on behalf of the statutory beneficiaries who are still alive the district court came across a line of cases that dealt with whether or not you can recover damages under the medical malpractice act and the wrongful death action but the wrongful action is derivative in nature of the underlying tort I believe the court was referring to a state versus whole Arkansas 2004 supreme court case where a settlement of the underlying tort precluded the wrongful death action to proceed on behalf of the statutory beneficiaries the case that appellant counsel cites first commercial bank was an exhaustion case and that case never said that the plaintiff doesn't have to prove the underlying tort in fact the language of the says whenever a death is caused by a wrongful act or neglect a person that would have been liable shall be liable to an action for damages so the beneficiaries get to bring an action for damages but of course they have to prove all of those elements and in this case that was the medical negligence claim which is now extinguished therefore under Arkansas law the wrongful as a wrong as an element of the wrongful death claim that would that would also spill over or your honor the the survivor survival claim wouldn't it your honor as I understand Arkansas law the survival action which is the action brought on behalf of the estate of Mr. Dweese adds as an independent element of damages under 102 uh subsection a excuse me b that the decedent estate as an additional element of damages can also recover for loss of life it does not anywhere say a decedent's estate can recover for lost chance of survival so to strictly construe the claim of the estate the claim is for loss of life if the the if the estate successfully proved loss of life then the wrongful death beneficiaries could also recover for their own individual pecuniary injuries spousal companionship and or mental anguish for the loss of a loved one but here because the underlying tort has failed and the court the Arkansas supreme court and the district court is correct that we do not recognize a lost chance of survival then none of the actions remain alive but couldn't loss of life be couldn't the proof of loss of life be a loss of last chance loss of chance of survival the proof of loss of life be lost so I mean what does what does loss of life mean I guess does it mean that there's a that you okay we start here you've admitted you were negligent correct right so they hope the only issue is what are the damages if any that flows from that and in your position is there's no approximate cause because he would have died anyway um the if you can prove that there's a 30 chance that he would have lived longer had he been properly diagnosed what is that is that where does that fit into the loss of life analysis well loss of life as the supreme court has held in Arkansas is this the value that the decedent places on his own life and that is an element of damages of course in my case in this case your honor uh we did not necessarily admit negligence we admitted that there was a breach of the standard of care we did not uh stipulate that there was proof on proximate causation that's what I mean you you prove you I mean to prove to prove a tort you have to prove that you did something wrong approximately cause an injury and the value and what that injury is yes you stipulated the first element you did something wrong yes sir you misdiagnosed correct um so that your your and you're not disputing that there was some damage arguably but you're arguing the the proximal call well maybe you are but but well what does loss of life mean well I think I think we get kind of mixed up in this analysis and and if I my best uh effort to explain that is is that death in this complaint was the injury that was complained of that the missed read on the ct scan in October of 2011 caused Mr. Deweese's death and so well that's the injury you attacked in the I did then then they then they come up with the the pre-death pain and suffering yes sir yes sir but yeah we're we're questioning you're right we're questioning the main the main claim the main claim was death is the injury correct so I got off track Judge Malloy with your is there a difference between the loss of life that you say is a survivorship claim versus the wrongful death claim well the estate has the claim for loss of life that can recover for the death for those damages the wrongful death claim they as far as damages go they get to recover for pecuniary injury and mental anguish for loss of a loved one those are the damages for both of those statutes by the estate's claim is that's the survivor you just you just did the two I call the estate's claim the survival action yes sir now I'm now I'm confused well let me ask about the pre-death pain and suffering why should that at least not have gone to the jury well that should not go to the jury because the only stipulation and the only proof as to any deviation in the standard of care was as to the radiologist on October 31st 2011 no one including Dr. Lesson my expert criticized any medical care at Central Arkansas Veterans Health Care System for any failure to treat pain any deviation in the standard of care for pain management so the record is void on any deviation as to the standard of care on that but but you make a big point in your brief of saying that well the he had severe stomach pain but it was non-specific well maybe had they known why he had stomach pain had they known it from liver cancer they could have treated it differently that's that point is well taken Judge Malloy and the reason why I went on to add Rosie and Hodges his home-based primary care nurse's testimony and that is because I wanted the court to be complete in the whole picture but first we have to start with the criticism that there's a deviation in the standard of care and a prima facie case would also require the plaintiff the appellant to prove that the liver tumor was what was causing the pain I mean he had chronic ailments across the board this gentleman did being sedentary with chronic underlying multiple medical conditions and so no one Roseanne Hodges testimony his nurse she said he did have some pain but it was very non-specific and he was happy and stable and and it was just very vague so there's nothing that ties anything that she said or even that Dr. Lesson said to any deviation with regard to pain management do you need an expert to prove that liver cancer causes pain I mean there are some things that we say are so obvious you you break your leg it's going to hurt you don't need somebody to say that that the pain comes because you broke your leg is is liver cancer something that a lay person can on their own decide would cause pain your honor I do not believe so I believe that there is case law in Arkansas that says if that a plaintiff can testify that he is in pain like I can say I heard you don't need an expert to to believe to understand that for me and he wasn't he wasn't he it wasn't some pain but what that was caused from and like Dr. Lesson said depending on the etiology of the pain and so we don't some cancer tumors do not cause pain I mean not to bring a personal experience in but a family member of mine is suffering from pancreatic cancer and we don't know what's causing some of this pain so I do believe that you need an expert to testify that whatever wherever the cancer tumor is and may or may not cause pain and that failed to do so here well how do you need an expert to testify as to palliative treatment that there is there was there would be palliative treatments that would have been effective yes sir and Mr. Hodges talked about Dr. Bentley's testimony on palliative care I know that I know there I know there's it it's in the record but but I don't think the briefs talk about an expert being this these claims didn't fail because the experts were excluded no but doctor it's just the experts in the court's view didn't prove the case that's correct that's correct they didn't prove the case and is is is there an arkansas you got an arkansas case that that um in sorting out this kind of pain claim you would need an expert not as to whether there was pain but to sort out what caused it and whether it could have been um remedied somehow are you talking about relief of pain or extension of life I'm talking I'm talking about the the the first argument in the appellant's brief while you the government never addressed the pre-death pain well the gun and therefore and you didn't get until your reply brief and we should exclude that as untimely and you say wait a minute move for summary judgment across the board and they didn't prove this now is there any arkansas law as to the need for an expert for this kind of pain and suffering claim I don't know an arkansas case that's on point with that specific point however you know the palliative alternative therapies is set forth in the testimony in the briefing consume radio ablation chemo embolization and lots of things that are way above layman's medical knowledge so I can't imagine that this is something that the district court would want to tackle itself on whether or not this alleviated pain or not the experts say it didn't and it was less effective in Mr. Deweese's case I I guess the problem I have is as I understand Dr. Lesson said who was your expert that depending on the ideology of the pain there are pain reduction techniques available and you're saying well they didn't know they that they didn't prove it was from liver cancer but but they didn't prove it because it wasn't diagnosed I mean that's a circular argument and and how do you prove something when the person's dead and was never diagnosed in the first place well Mr. Deweese's or Mrs. Day's experts is both a general surgeon for the University of Arkansas for medical sciences and Dr. James Stark is an oncologist from Virginia both of those experts reviewed all of these records including Dr. Lesson's testimony and had they had the opinion that the liver tumor caused the pain they certainly could have opposed to that but no one addressed that in discovery and so of course that not being the focus of the complaint or all of the expert testimony in discovery we now hear about it on response to summary judgment and what did Dr. Lesson say did he say it did cause pain he said that Mr. Deweese complained of pain in the medical chart sometimes and that Mr. Hodge in response to Mr. Hodge's question he said I would have to first determine where the pain came from then I would have to biopsy the tumor to prove it was in fact hepatocellular cancer and then perhaps if that was the case then there are some things that could have helped but ifs and coulds of course doesn't cut it if the court doesn't have any questions I would just like to end with Arkansas law is clear that in medical malpractice cases a defendant who shows that a plaintiff has failed to produce the required expert testimony on one of the essential elements is entitled to summary judgment as a matter of law here there is no genuine issue of material fact because there is a complete failure of proof that the October 2001 deviation approximately caused any damages that would have not otherwise come to pass your honors the district court got it right in granting summary judgment on the in favor of the United States and I ask that that judgment be affirmed let me let me ask just one factual question the the plaintiff's expert has said that there was a 30 percent chance that life could have been extended with with appropriate care did he give did he give any opinion as to how long are we talking about months probably not years did not say given the fact was liver cancer I believe his exact words were 30 percent chance he would have walked out of the hospital and never come back and I skipped over that point because I felt like the court's inquiry to counsel were right on point the jeans case is 1970 a 47 year old case these exact facts and 30 percent chance of survival in fact were the exact facts before the Arkansas Supreme Court in 2001 it held that wasn't a convincing argument then and so it should not be in convincing argument now what's the government's position on loss of chance under Arkansas law the government's position is that the Arkansas Supreme Court has not adopted a new theory of recovery under lost chance theory and so therefore under Erie we should do what therefore you should not do so here now what you should not do so here now if the evidence if if Dr. Stark had said 60 percent instead of 30 percent with the way the opinion was ended in in Holt wouldn't that require submission to a jury I think I would have a harder battle in that case I do feel I feel like the court in Holt said that we in Ford we came close to adopting the traditional rule and the traditional rule is greater than 50 so while I think my reading of that case is that technically has not adopted the new theory at all it has shown us that it is leaning towards the traditional rule should it be presented validated genes at least as to traditional rule it would have it would have and genes genes the the case that gene cited the fourth circuit case the fourth circuit case is after genes come back to eventually a traditional rule application thank you Mr. Hodges have some time no your honor you want a minute okay I think we understand the issues thank you counsel